

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-22-00061-CV

JESUS GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Oldham County, Texas
Trial Court No. OCR-17G-027, Honorable Roland D. Saul, Presiding

April 14, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Jesus Gonzalez, a Texas inmate proceeding pro se, filed a notice of appeal from the trial court's order denying "Defendant's Motion to the Trial Court Requesting to Rescind its Prior Order to Withdraw Funds." By letter of March 14, 2022, we directed Gonzalez to pay the required filing fee or, in lieu thereof, to comply with Chapter 14 of the Civil Practice and Remedies Code by filing an affidavit of indigence, an affidavit relating to previous filings, and a certified copy of his inmate trust account statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004; *Harrell v. State*,

286 S.W.3d 315, 319 (Tex. 2009) (holding that "proceedings to withdraw funds from inmate trust accounts are civil in nature"). We advised Gonzalez that this appeal was subject to dismissal if he did not comply by March 24, 2022. Gonzalez has since filed an affidavit of indigence. But, to date, neither an affidavit describing his previous filings nor a certified copy of his inmate trust account statement has been filed.

Providing all three items is mandatory, and failing to do so authorizes the dismissal of the appeal or original proceeding. *See In re Denson*, No. 07-20-00191-CV, 2020 Tex. App. LEXIS 6966, at *1 (Tex. App.—Amarillo Aug. 27, 2020, orig. proceeding) (per curiam) (mem. op.). Because Gonzalez failed to comply with all the requirements of Chapter 14 of the Civil Practice and Remedies Code within the time provided for compliance, we dismiss his appeal. *See* TEX. R. APP. P. 42.3(c).

Per Curiam